{¶ 16} I concur with the majority holding and analysis. I write separately to note that the Supreme Court of Ohio addressed this issue in State v. Liberatore (1982), 69 Ohio St.2d 583.
 {¶ 17} In Liberatore, the defendant was accused of paying John Mata to burn homes and buildings built by non-union tradesmen and laborers in order to intimidate builders into using union labor. Mata originally cooperated with police and implicated the defendant. Prior to defendant's trial, Mata was convicted of five counts of arson, the same incidents for which defendant Liberatore was charged with complicity. At Liberatore's trial, the state was informed by Mata's attorney that Mata was unwilling to testify. Nevertheless, the state called Mata as a witness and propounded a series of some thirty leading questions "to refresh his memory." Liberatore was convicted.
 {¶ 18} On appeal, this court stated the following: "It may be proper for the prosecution to call an uncooperative witness to the stand to demonstrate to the jury that it is not withholding evidence. However, it is improper for the state to attempt to *Page 11 
prove its case by suggestion rather than evidence." The Supreme Court of Ohio agreed, stating as follows:
 "Even if the state could have legitimately claimed it was surprised by Mata's testimony, it was improper for the trial court to allow the extended questioning of Mata. As this court held in State v. Dinsio (1964), 176 Ohio St. 460:
 "`* * * [I]t is error prejudicial to the defendant for the court to permit counsel for the state, by continued questioning of the witness, which questions go unanswered, to get before the jury innuendoes and inferences of facts, conditions, and circumstances which the state could not get before the jury by direct testimony of the witness.`
 "Although Dinsio was predicated upon the witness' assertion of his Fifth Amendment right to remain silent, there is no reason to distinguish it from the present case. The underlying rationale still applies: It is improper for the state to attempt to prove its case by suggestion rather than evidence." Id. at 587-588.
 {¶ 19} In the case before us, it was improper and prejudicial to Oldham for the state to attempt to prove its case by suggestions and innuendos rather than evidence. Further, it was improper for the court to allow the extended questioning of Reese, knowing that he was under indictment and that his attorney was not present. *Page 1